687 P.2d 95

**STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, New Mexico, Petitioner,**

v.

**Hon. Clara JONES, Secretary of State of the State of New Mexico, Respondent.**

No. 15592.

Supreme Court of New Mexico.

Sept. 12, 1984.

Modrall, Sperling, Roehl, Harris & Sisk, Arthur D. Melendres, Joe Diaz, Albuquerque, for petitioner.

Paul Bardacke, Atty. Gen., Carolyn Wolf, Asst. Atty. Gen., Santa Fe, for respondent.

**OPINION**

FEDERICI, Chief Justice.

This cause is before the Court on petition for writ of mandamus filed by the Board of County Commissioners, Bernalillo County (petitioner) to compel Clara Jones, Secretary of State (respondent), to include on the November 1984 general election ballot the question of whether Bernalillo County should be authorized to issue general obligation bonds in a total amount of $4,680,000 for the purposes of constructing and repairing roads within Bernalillo County. This Court has original jurisdiction over this proceeding pursuant to N.M. Const. Article VI, Section 3.

The issue presented is whether petitioner has the authority under the Constitution to place this question on the ballot upon its resolution to do so. Respondent maintains that the question may be put on the ballot only by petition of the voters as prescribed by NMSA 1978, Section 67–6–3. We hold that petitioner has the right to place this question on the ballot by resolution.

N.M. Const. Article IX, Section 10, allows counties to borrow money for constructing or repairing public roads and bridges, provided a majority of the qualified electors of the county approve. NMSA 1978, Sections 67–6–1 to –7 establish the details for issuance of county highway and bridge bonds. Section 67–6–1 gives a board of county commissioners the authority to issue such bonds "subject to the provisions of this article." Section 67–6–3 requires a special election to be called whenever a petition signed by not less than ten percent of the qualified voters is filed with the board of county commissioners requesting issuance of bonds for these purposes.

None of the relevant statutes provide that Section 67–6–3 shall be the sole method for placing such a question before the voters. Also, none of the statutes specifically provide that a board of county commissioners *may not* place such a question on the ballot of a general election by its own resolution.

One of the reasons for requiring petitions prior to the calling of a *special election* is for the purpose of determining whether a reasonable probability exists that the matter will carry at such an election, thus warranting the expense of calling the special election. *See Harrison v. Board of County Commissioners*, 68 Idaho 463, 198 P.2d 1013 (1948). To submit a road bond question to the voters at a general election, however, involves only minimal additional cost. Section 67–6–3 is designed so that voters may, by petition, force the bond issue on the ballot in the event the commission refuses to do so by resolution. Statutes should be construed so as to promote public convenience and to avoid inequity, absurdity, and hardship. *City Commission of Albuquerque v. State ex rel. Nichols*, 75 N.M. 438, 405 P.2d 924 (1965); *Cox v. City of Albuquerque*, 53 N.M. 334, 207 P.2d 1017 (1949).

We find Section 67–6–3 to be directory and not mandatory; alternative and not exclusive. In making this determination, we consider the purpose of the statute, the importance of the requirement and its relationship to the entire act. *State ex rel. Sun Company, Inc. v. Vigil*, 74 N.M. 766, 398 P.2d 987 (1965). Voter approval of road bonds, commission attention to voters' road and highway needs, and avoidance of unnecessary expense are the primary concerns of this statute. None of these objectives are jeopardized by placing the question of road bonds before the voters in a general election upon petitioner's own resolution.

Placing a road bond question before the voters by petition is one alternative. Placing such a question before the voters at a general election by resolution of a board of county commissions is another alternative. Both are valid. The first is authorized by statutory law, the second by Constitution.

The petition for writ of mandamus is granted and made permanent. The Secretary of State is ordered to include the following question on the November 1984 general election ballot:

> Shall the County of Bernalillo, New Mexico, be authorized to issue its general obligation bonds, in one series or more, in an amount not exceeding $4,680,000, for the purpose of securing funds for the construction and repair of roads within Bernalillo County, New Mexico, said bonds to be payable from general (ad valorem) taxes and to be issued and sold at such time or times, upon such terms and conditions as the Board of County Commissioners may determine and as permitted by law?

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.